UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **24 Cr. 492 (DC)** |
| DEWITT JOHN, | **ORDER** |
| *Defendant.* | |

WHEREAS, the Court and the parties seek to ensure that the *pro se* defendant, Dewitt John, has meaningful access to review case materials and prepare to represent himself at trial while detained at the Metropolitan Detention Center, Brooklyn ("MDC Brooklyn"); and

WHEREAS, the Court seeks to ensure that such discovery access does not jeopardize the security and operational interests of MDC Brooklyn;

IT IS HEREBY ORDERED THAT:

1. The defendant, Dewitt John, may have access to an "air-gapped" laptop computer ("the laptop") that is disabled from accessing the internet, local area networks, or other electronic devices;

2. Upon receipt of an acceptable laptop computer from standby counsel for Mr. John, the government shall ensure the laptop is appropriately "air gapped" and compatible with MDC Brooklyn's security requirements and deliver the laptop to the proper authorities at MDC Brooklyn as soon as practicable;

3. The laptop shall be password protected and maintained in a location acceptable to Bureau of Prisons personnel;

4. Bureau of Prisons personnel will provide Mr. John with access to the laptop Monday

1

through Friday in the visiting room, from 8:00 a.m. to 4:00 p.m.;

5. This Order remains in effect until the May 4, 2026, trial in this matter is completed and a copy of this Order shall be made available to the Unit Team/Floor where Mr. John is housed;

6. Mr. John shall use the laptop for the sole purpose of reviewing and/or creating work product regarding non-sensitive legal materials, as defined in the Court's January 21, 2025, Protective Order (the "Protective Order"), see ECF No. 16, that relate to his criminal case and preparing for trial.  Mr. John shall not (i) use the laptop to access, review, store, reproduce, or otherwise handle any materials designated "Sensitive Discovery Material" under the Protective Order, see id. ¶ 2; (ii) create, record, transcribe, summarize, or otherwise memorialize in any form any notes, descriptions, or work product derived from Sensitive Discovery Material; (iii) share the laptop or the materials loaded onto the laptop with other people detained at MDC Brooklyn or with any attorney not appointed to this case without an order of this Court; (iv) and/or access or attempt to access the internet or any form of wireless communication.  Mr. John shall forfeit his right under this Order to use the laptop and may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d) should he violate any of these understandings.

7. Within twenty-four hours of MDC Brooklyn's receipt of the laptop from the government, Mr. John shall receive access to the laptop subject to the following conditions:

    a. Mr. John will be brought to the visiting room upon his request to the unit

officer Monday through Friday (with an effort to provide Mr. John access on a business day basis);

b. Mr. John is allowed to use a word processing program on the laptop to create work product related to the preparation of his defense; and

c. Mr. John is allowed to save and possess his work product on a portable hard drive provided to MDC's legal department by standby counsel and approved by the government.

8. Nothing in this Order is intended to supersede, modify, or otherwise alter the Protective Order, which remains in full force and effect.

**SO ORDERED.**

Date:   April 21, 2026
      New York, NY

_____
DENNY CHIN
Visiting Second Circuit Judge