UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK (BROOKLYN)

UNITED STATES OF AMERICA,

               Plaintiff,

v.

DEWITT JOHN,

               Defendant.

Case No. 1:24-CR-00492-DC-1

Brooklyn, New York
March 31, 2026
11:28 a.m.

TRANSCRIPT OF ARRAIGNMENT HEARING
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES CHIEF MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Brooke Theodora, Esq. |
| | Sarah A. Elardo, Esq. |
| | U.S. Attorney's Office |
| | 271-A Cadman Plaza East |
| | Brooklyn, NY 11201 |
| | |
| For the Defendant: | Dewitt John, Pro Se |
| | |
| | Jullian D Harris-Calvin, Esq. |
| | (standby counsel) |
| | Federal Defenders of New York, Inc. |
| | One Pierrepont Plaza |
| | Ste 16th Floor |
| | Brooklyn, NY 11201 |
| | |
| Clerk: | TLH |
| | |
| Court Recorder: | Electronic Sound Recording |
| | |
| Transcription Service: | Chris Hwang |
| | Abba Reporting |
| | PO Box 223282 |
| | Chantilly, Virginia  20153 |
| | (518) 302-6772 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**<u>INDEX</u>**

<u>Page</u>

Motion, granted                              9-10

(Call to order at 11:38 a.m.)

THE CLERK:  United States v. Dewitt John.  Counsel, starting with the Government, please state your appearances?

MS. THEODORA:  Good morning, Your Honor, Brooke Theodora for the Government.  I'm joined by Special Assistant United States Attorney Sarah Elardo.

THE COURT:  All right, good morning.

All right, so we have the Defendant here.  Can you give us your name?

THE DEFENDANT:  Dewitt John.

THE COURT:  All right, and I think we have standby counsel?

MS. HARRIS-CALVIN:  Yes, Jullian Harris-Calvin of Federal Defenders of New York as standby counsel.

THE COURT:  Okay.  All right, so Mr. Dewitt, let me remind you, you have the right to remain silent.  That means you don't need to say anything.  Anything you do say except to your lawyer, if you have a lawyer, could be used against you.  And you also have a right to be represented by an attorney.  If you can't afford an attorney, the Court will appoint one to represent you.

So is it correct that you want to represent yourself?

THE DEFENDANT:  That's correct.

THE COURT:  Okay, you can stay -- everybody can stay seated when you're speaking.  Just if you don't mind please use

the microphone so we get a good recording.  All right, so we do have counsel here.  If you need to speak with her as we go along, you can do that.

All right, let me get from the Government a brief background on this case, and then, we'll move ahead.

MS. THEODORA:  Yes, Your Honor, the Defendant was charged on November 2024 by complaint with one count of production of child pornography.

His trial is currently scheduled for May 4th, well, actually the Court just adjourned the trial without a date, but it was scheduled for May 4th, 2026.

The Government superseded and we returned the supersede -- the grand jury returned the superseding indictment last week I believe or maybe the week before that.  It adds one additional count of possession of child pornography in violation of §2255(a)(4).

THE COURT:  Okay, so --

MS. THEODORA:  And the Defendant is currently in custody.

THE COURT:  Okay, so just so I'm clear, the original indictment just have the same Count 1, is that right, and you added Count 2?

MS. THEODORA:  Yes, that's right.

THE COURT:  Okay, and has the criminal forfeiture allegation changed at all?

MS. THEODORA:  It has just to be more detailed and to list all the devices that have been seized from the Defendant thus far.

THE COURT:  Okay.  All right, so Mr. John, you heard what the Government said with regard to the procedural background.

What we're here for is to make sure that you understand the superseding indictment.  We have an arraignment on that.  So there's a document called the superseding indictment.  I'm holding up my copy.  Do you have a copy of it?

THE DEFENDANT:  I have a copy.

THE COURT:  Have you read it?

THE DEFENDANT:  Yes, I have.

THE COURT:  All right, so it's your choice.  I can read the entire superseding indictment aloud if you would like or you can waive that right.  What's your preference?

THE DEFENDANT:  Waive the right.

THE COURT:  Okay, so would you like to enter a plea on the two charges in the superseding indictment?

THE DEFENDANT:  I plead not guilty on both charges.

THE COURT:  Okay.  All right, so let me ask -- well, actually, let me -- even though we've probably done this before, I'm just going to be cautious here and give the Government a notice about its obligations to turn over discovery.  I'm imagining that you are very into this process

already because you are moving towards trial.

But the Government is reminded of its obligation under Brady v. Maryland and its progeny to disclose to the Defense all information, whether admissible or not, that's favorable to the Defendant, material either to guilt or to punishment, and known to the prosecution, and the Government has to make good faith efforts to disclose such information to the Defense as soon as is reasonably possible.

The Court will enter a written order that more fully describes the Government's obligation and the possible consequences of failing to meet them.  And the Government's directed to review and comply with that order.

Does the Government confirm it understands the obligations and will fulfill them?

MS. THEODORA:  Yes, we do.

THE COURT:  Okay.  All right, so what's your proposal with regard to a Speedy Trial Act?  And maybe I need some background information on that as well but.

MS. THEODORA:  The Government is moving to exclude time on the superseding indictment under the Speedy Trial Act. The next status conference in this case is April 8th, 2026.  So we would propose in the interest of justice to exclude time until that date.

The Defendant just filed a suppression motion.  We believe there may be a suppression hearing that we need to

prepare for.  And there's ongoing trial preparation.  So we believe that excluding time is necessary under the Speedy Trial Act.

THE COURT:  And had a time previously been excluded?

MS. THEODORA:  Yes, time has been excluded on the original indictment until the trial date May 4th, 2026.

THE COURT:  Okay, so you're -- this is I guess an overlapping?  You're going to exclude through the conference with the district judge?

MS. THEODORA:  Yeah, I think that probably makes sense just to allow him to decide what he wants to do from there.

THE COURT:  Okay, all right, Mr. John, are you familiar with the Speedy Trial Act rights as they relate to this proceeding?

THE DEFENDANT:  I am.

THE COURT:  Okay.  Do you have a position with regard to whether time should be excluded or not?

THE DEFENDANT:  Yes, I object to the exclusion of time.

THE COURT:  And why do you object?

THE DEFENDANT:  Just because that was already imposed by the previous judge and it's accepted.  Based on that time then, she did agree to the speedy trial.  I did exclude time for three weeks prior.  And the dates were already set for the

suppression hearings and the -- sorry, suppression motions and hearings and all that and which like I say, I've already filed it.  So I really don't (indiscernible).

THE COURT:  Do you have a substantive objection to why the time should not be excluded?  So to summarize what I think you said is basically this has already been addressed, but I think what we're -- what I would say we're trying to do here is just to make sure that the previous exclusions are connected to this superseding indictment, because this includes the one additional charge.  It's not exactly the same as what you were proceeding on before.

So do you have an objection other than that which I would say is sort of organizational objection?  Do you have some other objection to excluding time?

MS. HARRIS-CALVIN:  Can you give us one second, Your Honor?

THE COURT:  Okay we're going to put on the white noise in the background.

MS. HARRIS-CALVIN:  Thank you.

(Counsel confers with the Defendant)

MS. HARRIS-CALVIN:  Thanks, Your Honor.

THE COURT:  All right, so Mr. John, you had an opportunity to talk with standby counsel.  She's going to try to summarize what my question is.

I heard your objections, which I understand to be

related to the fact that there has already been an exclusion of time because of events associated with the trial moving forward.

And I wanted to know if you had any objection because I think this case as it stands now is slightly different from the case on which the exclusion was previously entered.  So do you have an objection?

THE DEFENDANT:  No, the two charges are involved within the same case.  All of production which they -- just production that has been produced is still inclusive of the second dump.  Yes, same thing -- (indiscernible) on for the motion.

THE COURT:  Okay, all right, I'm going to exclude time.  I think it is consistent with what has been described as the exclusion that was entered in the -- in connection with the trial going forward on May 4th, 2026, which I understand may be changing based on what the Government has said about the trial judge's most recent order.

As the Government said, there is a conference coming up on April 8th.  There is a suppression motion that was just filed.  And whether the trial date is the 5th, sorry, the 4th of May or another date seems like you're moving very rapidly towards a trial.

So I think it is in Defendant's interest, the public's interest, the interest of justice to give the parties

time to work on that trial prep and set up the times excluded from today, which is March 31st, 2026 through April 8th, 2026 on the superseding indictment.

Okay, the Defendant is in custody.  Is there anything that anyone's proposing should change?

MS. THEODORA:  No, Your Honor.

THE COURT:  From the Defendant?

THE DEFENDANT:  No.

THE COURT:  All right, any medical issues that need attention?

THE DEFENDANT:  No.

THE COURT:  Any other issues that should be put on the record here?

MS. THEODORA:  No, Your Honor.

THE COURT:  Okay, for Mr. John, anything else?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay, let's just make sure that the 475 for the next appearance, right, which is the 8th.  Okay, all right, thanks.  All right, thanks, everyone.

MS. HARRIS-CALVIN:  Thank you.

THE CLERK:  Thank you.

(Proceedings concluded at 11:38 a.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


/s/ *Chris Hwang*
_____          April 23, 2026

Chris Hwang                Date

Court Reporter