KTF:BET/SAE
F. #2024R00832

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

DEWITT JOHN,

             Defendant.

– – – – – – – – – – – – – – – – – – –X

24-CR-492 (DC)

## THE GOVERNMENT'S PROPOSED VOIR DIRE

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Brooke Theodora
Assistant U.S. Attorney

Sarah Elardo
Special Assistant U.S. Attorney
    (Of Counsel)

PRELIMINARY STATEMENT

In addition to the Court's usual <u>voir</u> <u>dire</u>, the government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.  The government respectfully submits that the questions listed below would aid in the selection of a fair, impartial, and unbiased jury.  The government further requests that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the government or the defendant.

The government also submits the below brief summary of the case, as well as a list of potential witnesses, individuals, and locations that may be mentioned at trial.

STATEMENT OF THE CASE

The defendant Dewitt John is charged with one count of sexual exploitation of a child and one count of access with intent to view child pornography.  The alleged conduct involved the defendant enticing and paying minor females to create sexually explicit images and videos of themselves for him and using the internet to access and view these images and videos.  The government anticipates that the evidence will show that between approximately March 2024 and April 2024, the defendant used internet-based applications including Instagram and iMessage to communicate with minor female victims and engage in the charged conduct.  The defendant has pleaded not guilty and is presumed innocent until proven guilty.

PROPOSED QUESTIONS

I.    Case-Specific Proposed Questions of Prospective Jurors

1.    Do you recognize this case or have any personal knowledge or familiarity with it?

2.    Is there anything about the nature of these charges, in and of themselves, that would affect your ability to be fair and impartial in deciding this case?

3.    The law provides that minors cannot consent to being used to produce child pornography.  Is there any reason you could not apply that law?

4.    It is illegal under federal law to knowingly and intentionally employ, use, persuade, induce, entice, or coerce a person who is less than 18 years old to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.  Such activities are not protected by the First Amendment or any other constitutional right.  Does anyone have a problem following the law as it pertains to this case?

5.    It is also illegal under federal law to knowingly and intentionally access with intent to view visual depictions of a person who is less than 18 years old engaging in sexually explicit conduct on the internet.  This is also not protected by the First Amendment or any other constitutional right.  Does anyone have a problem following the law as it pertains to this case?

6.    The defendant in this case has chosen to represent himself, as his constitutional right.  Would the fact that a defendant is proceeding without counsel cause you to view him more or less favorably or to give him the benefit of the doubt?

7.    If the Court instructs that the defendant is to be treated the same as any other party, would you be able to follow that instruction?  Is there anything that would make that difficult?

2

8.    It is the law that the testimony of a single witness can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt.  Do you have any opinion or belief about that law that would prevent you from applying this rule of law?

9.    Certain witnesses may testify under a pseudonym, which the law permits. Will this impact your ability to evaluate their testimony in a fair and impartial way?

10.    Have you, or has someone you know, ever been arrested, prosecuted, or sued civilly for sexual misconduct?    What about investigated in the workplace for sexual misconduct?

a.    If a crime was charged, do you think you or your family member or friend was treated fairly by the criminal justice system?  Would those experiences affect your ability to be fair and impartial?

11.    Do you, or someone you know, believe you have ever been falsely accused of sexual abuse, sexual assault, or sexual harassment?

12.    One or more witnesses in this case may testify regarding their experience with sexual abuse or sexual assault.  Would you have any difficulty assessing the credibility of a witness regarding their experience with sexual assault or abuse just like you would any other witness?

13.    Because of the nature of the charges, you may be required to review sexually explicit communications between an adult and one or more minors, including text messages and Instagram messages.  You may find these messages and the related testimony to be distasteful and unpleasant to view and hear.  But the prospect of having to see or hear distasteful or unpleasant evidence is not a basis to avoid the responsibility of jury service.  Many cases, both

3

criminal and civil, involve unpleasant things.  If prospective jurors were excused on the ground that jury duty makes demands—including unpleasant demands—then the justice system could not function.  The parties have a right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve or because they would like to avoid some unpleasantness.  With this in mind, do you believe that you would be unable to be a fair and impartial juror?

14.    Have you, a family member, or close friend ever been employed by or volunteered with any agency or organization that offers assistance or counseling to crime victims, victims of sexual assault, or victims of domestic violence?

15.    Does any juror, family member or close friend work closely with teenagers or pre-teens either in their employment or in a volunteer capacity?  If so, does this affect your ability to be fair and impartial in deciding this case?

16.    Do you otherwise have any knowledge relating to the parties or the case that might influence you in deciding it?

II.    Personal Experience with the Criminal Justice System

1.    Have you or a relative or close friend had an experience with the United States Attorney's Office, the United States Department of Justice, the Federal Bureau of Investigation ("FBI"), the New York City Police Department ("NYPD"), or any other law enforcement agency?  If so, please describe the nature of that experience, and whether you considered it a positive or negative experience. Would those experiences impact your ability to be a fair and impartial juror in this case?

2.    I understand that one or more witnesses who are members of law enforcement may be called to testify by the government.  Would anyone have difficulty treating

4

law enforcement witnesses like any other witness?  Does anyone believe that law enforcement witnesses are more or less likely to be truthful than other witnesses?

3. Have you or a family member or close friend ever worked in law enforcement or as part of the criminal justice system (e.g., judge, court personnel, probation officer, correction officer, etc.)?

4. Have you or a family member or close friend ever worked in criminal defense (e.g., attorney, paralegal, investigator, etc.)?

5. Other than what you have already answered, have you or a family member or close friend ever had any training or work experience in the law (e.g., judge, lawyer, paralegal, legal secretary, court reporter, interpreter or any other law-related field)?

6. Have you or a family member or close friend ever been a witness, victim, or defendant in a prosecution, whether federal, state or local?  If so, please describe the nature of that experience, and whether you considered it positive or negative.  Would those experiences affect your ability to be fair and impartial?

7. Do you have any personal experiences where you were accused of something that would make it difficult for you to be an impartial juror in this case?

8. Have you previously served as a juror in a criminal or civil matter and, if so, did the jury upon which you served reach a verdict?  Did you serve as the foreperson?

III.    General Bias and Duty-Related Questions

       1.      It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, she or he might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

       2.      Under the law, the facts are for the jury to determine and the law is for the Court to determine.  You are required to accept the law as the Court explains it to you, even if you do not like the law or disagree with it, and you must determine the facts according to those instructions.  Would you have any difficulty following the Court's instructions on the law that you must apply in this case?

       3.      Do you have any biases or prejudices that would make it difficult for you to be fair and impartial?   Would you be able to set aside any biases, including any you may have for any of the parties, in reaching a verdict?

       4.      Will you be able to accept that the question of punishment is for the Court alone to decide, and that any possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial is guilty?

       5.      Will anyone be unable to accept the law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty?  Would you be able to set aside any sympathies you may have for any of the parties in reaching a verdict?

       6.      Will anyone be unable to accept the law that only the evidence produced here in Court may be used to determine whether the defendant is guilty or not guilty of the crime charged?

7.    Is there anything that we have not directly addressed regarding this case that would make it difficult for you to be a fair and impartial juror in this case?

<u>LIST OF NAMES AND PLACES</u>

The government respectfully requests that the Court inquire about prospective jurors' familiarity with the foregoing persons and places listed below.

<u>Defendant and Defense Counsel</u>

1. Dewitt John, also known as "Dewey"

2. Jullian Harris-Calvin, court-appointed standby counsel for Dewitt John

3. Federal Defenders of New York, where Jullian Harris-Calvin works

4. Jessica Hernandez, investigator with the Federal Defenders of New York

<u>Seated at the Government's Table</u>

1. Assistant United States Attorney Brooke Theodora

2. Special Assistant United States Attorney Sarah Elardo

3. Assistant United States Attorney Kaitlin Farrell

4. Paralegal Specialist Elizabeth Reed, also known as "Libby"

5. Federal Bureau of Investigation ("FBI") Special Agent Audra Hampsch

<u>Names</u>

1. Jane Doe 1[1]

2. Jane Doe 1's Father

3. Jane Doe 1's Mother

---

[1] The government filed a motion <u>in limine</u> for the Court to permit minor victims and their parents or guardians to testify using a pseudonym or their first name only. Should the Court grant the motion, the government will prepare photographs of the victims and their guardians, labeled with their first name or pseudonym, for the Court to show the prospective jurors during <u>voir</u> <u>dire</u>. The government also moved <u>in limine</u> to admit evidence of the defendant's sexual abuse or exploitation of other minor victims pursuant to Federal Rules of Evidence 413 and 414, or in the alternative Federal Rule of Evidence 404(b). To the extent such evidence would reveal the identity of the minor, the government will similarly prepare photographs labeled with the first name of the minor.

4.  Jane Doe 2

5.  Jane Doe 2's Mother

6.  Jane Doe 2's Father

7.  FBI Special Agent Nina Scaramella

8.  FBI Special Agent Jeremy Gale

9.  FBI Special Agent Michael Buscemi

10. FBI Special Agent Eric Wang

11. Herlita Clarke

12. Bob Wordworth

Places

1.  86A Hull Street, Brooklyn, New York 11233

IV.    Conclusion

The government respectfully requests that the Court include the foregoing in its voir dire to the jury.  In addition, the government respectfully requests the opportunity to submit further requests or amend those submitted as appropriate.

Dated:    Brooklyn, New York
          April 27, 2026

Respectfully submitted,

JOSEPH NOCELLA JR.
United States Attorney

By:    _____/s/_____
       Brooke Theodora
       Assistant U.S. Attorney
       (718) 254-6342

       Sarah Elardo
       Special Assistant U.S. Attorney
       (718) 254-6263

cc:    Clerk of Court (DC) (by ECF and e-mail)
       Dewitt John (by ECF and certified mail)
       Jullian Harris-Calvin (by ECF and e-mail)

10