# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

April 27, 2026

The Honorable Denny Chin
Visiting Second Circuit Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Dewitt John*, 24 Cr. 492 (DC)

Your Honor:

I write as standby counsel for Dewitt John to submit his proposed voir dire questionnaire (attached) in advance of Mr. John's May 4, 2026, trial.

Respectfully Submitted,

Jullian Harris-Calvin
Assistant Federal Defender
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 407-7402

Standby Counsel to
*Pro Se* Defendant Dewitt John

cc:     AUSAs Brooke Theodora & Sarah Elardo (via email & ECF)

Juror Number _____

## PRELIMINARY INSTRUCTIONS

Please read the following instructions carefully before completing any portion of this questionnaire. Please print your juror number in the space provided at the top of each page. **Do not write your name on the questionnaire.** Please answer each and every question truthfully, as the Court will be placing you under oath. Some questions have more than one part.

**YOU ARE SWORN TO GIVE TRUE AND COMPLETE ANSWERS TO ALL QUESTIONS IN THIS QUESTIONNAIRE**.

This questionnaire is designed to help simplify and shorten the jury selection process. The purpose of the questionnaire is to determine whether prospective jurors can decide this case impartially based upon the evidence presented at trial and the legal instructions given by the presiding judge.

The questions are not intended to inquire unnecessarily into personal matters. Although some of the questions may appear to be of a personal nature, please understand that the Court and the parties must learn enough information about each juror's background and experiences to select a fair and impartial jury.

Please answer all questions to the best of your ability. If you do not know the answer to a question then write, "I don't know." If you don't understand the question, then write, "I don't understand." There are no "right" or "wrong" answers, only truthful answers.

If you have strong feelings about this case in general or based on the nature of the charges, please do not hesitate to share your feelings. Although you may be a perfectly good juror in another case, this may or may not be the right case for you to sit on as an impartial juror. Both parties have the right to get honest answers and to hear your true opinions. Do not discuss the case or your answers with anyone. It is important that the answers be yours alone. Remember, you are sworn to give true and complete answers to all questions.

**DO NOT DISCUSS YOUR QUESTIONS AND ANSWERS OR THE CASE WITH ANYONE, NOW OR UNTIL FURTHER INSTRUCTED BY THE COURT.**

You should not discuss the questions or answers with fellow jurors. It is very important that your answers be your own individual answers. More broadly, do not discuss the case with anyone, including the lawyers (except in the presence of the Court), your fellow jurors, your family, your friends, or anyone else. Do not communicate about the case in any way, including telephone, e-mail, any social media app or website (such as Facebook), any communications app or website (such as Twitter). You must also avoid reading or hearing about the case (or anyone participating in the case) in newspapers, in magazines, on the radio or television, or on the Internet.

1

**DO NOT DO YOUR OWN RESEARCH ON THE CASE.**

Do not conduct any research into the case (or anyone participating in the case) at any time before your entire jury service has been completed. That includes performing Internet searches, asking other people about the case, reading any news stories, books, or reports about the case, or watching any films or television programs that relate to the case. Do not read, watch, or listen to any information about this case.

Your responses to this questionnaire will not be publicly disclosed.

## SUMMARY OF THE CASE

The Court is selecting a jury for a trial commencing on May 4, 2026. Although it is never possible to predict the length of a trial, currently this trial is expected to last no more than one week.

This is a criminal case. The defendant, Dewitt John ("John"), has been charged in an Indictment with two criminal offenses. The Indictment is not evidence. It simply contains the charges—referred to as "counts"—that the government intends to prove to the jury at trial beyond a reasonable doubt.

The Indictment in this case contains two counts. Each one concerns accessing or producing child pornography. The government alleges that John produced and accessed digital videos and images of minors engaged in sexually explicit conduct over the internet and text message by having the 13 year-old victim create the pornography and send it to him.

Count One of the Indictment alleges that, from March 2024 through April 2024, John attempted to employ, use, persuade, induce, entice, and coerce a minor girl to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

Count Two of the Indictment alleges that from March 24 through April 2024, John used an Instagram account and Apple account to access child pornography with the intent to view it.

Dewitt John has pled not guilty to all charges. He is presumed innocent and cannot be found guilty on any charge unless the jury finds that the government has proven each element of that crime beyond a reasonable doubt.

### PART I: BACKGROUND
**(Questions 1 through 4)**

1.      Do you have any difficulty speaking, reading or understanding English?

Yes_____   No_____

2.      Do you have any physical or medical condition (such as hearing, eyesight, back problems, or medication you are taking), or any emotional problem, that would make it unusually difficult for you to serve as a juror in this case?

Yes_____   No_____

3.      Do you have any religious, philosophical, moral or other belief that might make it difficult for you to pass judgment on an individual?

Yes_____   No_____

4.      Do you have any prepaid vacation plans (or other unavoidable scheduling conflict) for the week of May 3, or other unavoidable conflict that would prevent you from serving on this jury?

Yes_____   No_____

### PART II: BASIC LEGAL PRINCIPLES AND MEDIA RESTRICTIONS
**(Questions 5 through 16)**

5.      A juror is required by law to make their decision based solely on evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, bias, sympathy, or prejudice. Would you have any difficulty accepting this principle and applying it if selected to serve on this jury?

Yes_____   No_____

6.      The law provides that a defendant in a criminal case is presumed innocent at all stages of trial and is not required to put on a defense. The burden lies on the government to prove the defendant guilty beyond a reasonable doubt on each charge. Would you have any difficulty accepting these principles and applying them if selected to serve on this jury?

Yes_____   No_____

7.      The law provides that a defendant in a criminal case has an absolute right not to testify, and that a juror cannot hold it against the defendant if he chooses not to testify. Would you have any difficulty accepting this principle and applying it if selected to serve on this jury?

Yes_____   No_____

8.      I remind you that an indictment itself is not evidence. It is merely a description of the charges made against the defendant. It is an accusation. It may not be considered by you as evidence of the defendant's guilt.  Would you have any difficulty accepting and following these principles?

Yes_____  No_____

9(a).   Under the law, you must consider each alleged crime separately. You must find the defendant not guilty of the alleged crime you are considering, unless the evidence that has been presented in court proves him guilty of that crime beyond a reasonable doubt. Would you have any difficulty following these rules?

Yes_____  No_____

9(b).   On the other hand, if you concluded that the government had proven every element of a charge beyond a reasonable doubt, would you for any reason hesitate to return a guilty verdict on that charge?

Yes_____  No_____

10.     Should a defendant decide to testify, that does not shift the burden of proof to the defendant or diminish the obligation of the government to prove the defendant's guilt beyond a reasonable doubt. The government always carries this burden of proof in a criminal trial. Would you have any difficulty following this rule of law?

Yes_____  No_____

11.     In this case, the defendant has elected to represent himself as opposed to hiring a lawyer or having the Court appoint one to represent him. The defendant's decision to represent himself does not require him to explain his side of the case or to present evidence of his innocence, since the burden of proof always rests with the government. Would you have any difficulty following this rule of law?

Yes_____  No_____

12.     Several witnesses in this case will be law enforcement officers.

a.   A law enforcement officer's testimony is not to be given any more or less consideration than any other witness's testimony. Would you have any difficulty following the Court's instructions in this regard?

Yes_____  No_____

b.   Do you hold any beliefs or opinions that would prevent you from evaluating the testimony of a law enforcement officer fairly and impartially?

4

Yes_____    No_____

13.    Some evidence in this trial may come from searches performed by law enforcement officers. Do you have any strong feelings about searches conducted by law enforcement officers that would make it difficult for you to consider such evidence fairly?

14.    Under the law, the facts are for the jury to determine, and the law is for the judge to determine. You are required to accept the law as the judge explains it to you even if you do not like the law or disagree with it, and you must determine the facts according to those instructions. Would you have any difficulty following those instructions?

Yes_____    No_____

15.    Under the law, the question of punishment, if any, should not enter the jury's deliberations on the issue of guilt or innocence. Would you have any difficulty following this rule?

Yes_____    No_____

16.    From now until your jury service has been completed, it is important that you not conduct any internet or other research, and that you avoid media coverage (if any) of the case. Would you have any difficulty following this rule?

Yes_____    No_____

## PART III: RELATIONSHIP WITH, AND VIEW OF, GOVERNMENT DEFENSE, AND OTHERS
### (Questions 17 through 39)

17(a).  Do you or does any relative or close friend know or have any connection with any of the following prosecutors and their assistants, or their relatives or friends?

(i)     United States Attorney Joseph Nocella, Jr.
(ii)    Brooke Theodora
(iii)   Sarah Elardo
(iv)    Elizabeth Reed
(v)     Audra Hampsch

Yes_____    No_____

17(b). Have you seen, heard, or read anything about any of these prosecutors or federal employees?

Yes_____    No_____

17(c).  If yes, is there anything in what you have seen, heard, or read about them that would prevent you from rendering a fair and impartial verdict in this case?

5

Yes_____ No_____

17(d). Do you know, or have any association—professional, business, or social, direct or indirect—with a child welfare organization, sexual abuse survivor organization, or the National Center for Missing and Exploited Children, also known as NCMEC (pronounced "Nic-Mick")?

Yes_____ No_____

18.    Do you have any personal knowledge of the charges in this case?

Yes_____ No_____

19(a).  Do you or does any relative or close friend know or have any connection to the defendant, or his relatives or friends?

Yes_____ No_____

19(b).  Have you seen, heard, or read about the defendant in this case?

Yes_____ No_____

19(c).  If yes, is there anything in what you have seen, heard, or read about the defendant that would prevent you from rendering a fair and impartial verdict in this case?

Yes_____ No_____

20(a).  Though the defendant is representing himself in this trial, I have appointed defense lawyer, Jullian Harris-Calvin, to serve as standby counsel to assist the defendant when he desires support. Do you or does any relative or close friends know or have any connection with any of the following defense attorneys and their colleagues or their relatives or friends?

       (i)     Jullian Harris-Calvin
       (ii)    Kyla Wells
       (iii)   Emily Olick Llano
       (iv)    Jessica Hernandez
       (v)     Justin Knight

Yes_____ No_____

20(b). Have you seen or heard anything about any of these defense attorneys and their colleagues?

Yes_____ No_____

20(c).  If yes, is there anything in what you have seen, heard, or read about the defense attorneys or their colleagues that would prevent you from rendering a fair and impartial verdict in this case?

Yes_____  No_____

21.    Do you have any bias, sympathy, or prejudice with reference to the defendant, that would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

Yes_____  No_____

22(a).  Attached as Appendix A is a list of people and places likely to come up during trial.  Are you familiar with any of the people or places listed there?

Yes_____  No_____

22(b).  If yes, please identify the person(s) or place(s) with which you are familiar:

_____
_____
_____

23.    Have you or any member of your family or a close friend worked or applied for a position in the U.S. Attorney's Office, the U.S. Department of Justice, the Federal Bureau of Investigations, the New York City Police Department, or any other law enforcement agency?

Yes_____  No_____

24.    Do you know or have any association—professional, business, social, direct, or indirect— with any member of the Federal Bureau of Investigation, commonly known as the FBI?

Yes_____  No_____

25.    Do you know or have any association - professional, business, social, direct, or indirect— with any member of the New York City Police Department commonly known as the NYPD?

Yes_____  No_____

26. Have you or any close friend or family member ever worked as a judge, law clerk, court attendant, court clerk, other court personnel, probation officer, or in any correctional institution, jail, or penitentiary?

Yes_____ No_____

27. Have you, a family member or close friend ever practiced law in the area of criminal defense or prosecution?

Yes_____ No_____

28. Do you have any opinions about lawyers that would make it difficult for you to render a fair and impartial verdict?

Yes_____ No_____

29. Do you or any of your relatives or close friends work for a criminal lawyer or private investigator?

Yes_____ No_____

30. Is there anything else about your experience that would interfere with your ability to render a fair and impartial verdict in this case?

Yes_____ No_____

31. Have you or any close friends or family members ever been a witness in a criminal prosecution?

Yes_____ No_____

32. Have you or any close friend or family member had any experiences, positive or negative, with law enforcement officers, including those with the FBI or NYPD or any other law enforcement agency, that would impact your ability to be a fair and impartial juror in this case?

Yes_____ No_____

33. Have you, a close friend or family member ever been arrested?

Yes_____ No_____

34. Have you, a close friend or family member ever been a victim of a crime?

Yes_____ No_____

8

35.    Have you, a close friend or family member ever been a victim of sexual misconduct?

Yes_____  No_____

36.    Have you ever been arrested, prosecuted, or sued civilly for sexual misconduct?

Yes_____  No_____

37.    Have you ever been the complainant in a criminal sexual misconduct case or the plaintiff in a civil sexual misconduct case?

Yes_____  No_____

38.    Have you ever sat on a jury or grand jury?

Yes_____  No_____

39(a).  If yes, was the case Criminal (including grand jury service) or Civil?
_____
_____

39(b).  If you sat on a trial jury, did the jury deliberate?

Yes_____  No_____

39(c).  Without telling us the actual verdict, did the jury reach a verdict?

Yes_____  No_____

## PART IV: NATURE OF CASE
### (Questions 40 through 49)

40.    The charges in this case involve accusations of accessing and producing child pornography and enticing a minor, that is a person under the age of 13, to engage in sexually explicit conduct for the purpose of producing child pornography. It is your duty to consider the facts and the evidence fairly and impartially, regardless of the nature of these charges. Is there anything about these charges that could make it difficult for you to be a fair and impartial juror in this case?

Yes_____  No_____

41. Are you the parent or guardian of a minor child or children? If so, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

Yes_____  No_____

41(a). If yes, please explain:

9

_____

_____

41(b).  If your answer to question 41was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

_____

_____

42.     Have you, any family member, or close friend, had any personal experience with child pornography or sexual exploitation which might make it difficult for you to serve as an impartial juror in this case?

Yes_____   No_____

42(a). If yes, please explain:

_____

_____

43. Have you or a family member ever supported, lobbied, petitioned, protested, or worked in any other manner for or against any laws, regulations, or organizations relating to child pornography or sexual exploitation?

Yes_____   No_____

43(a). If yes, please explain when and what you or your family member did:

_____

_____

43(b). If your answer to 43 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

Yes_____   No_____

43(c). If yes to 43(b), please explain:

_____

_____

44. Witnesses in this case may testify regarding matters relating to sexual abuse. Would you have any difficulty assessing the credibility of such a witness just as you would any other witness?

Yes_____   No_____

44(a). If yes, please explain:

_____

_____

10

45. Have you, a close friend, or family member ever been the victim of a sex crime or sexual harassment?

        Yes_____ No_____

45(a). If yes, without listing names, please explain:

_____
_____

45(b): If your answer to question 45 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

_____
_____

45(c): If yes to 45(b), please explain:

_____
_____

46. Have you, a close friend, or a family member ever been accused of a sex crime or sexual harassment?

        Yes_____ No_____

46(a). If yes, without listing names, please explain:

_____
_____

46(b). If your answer to 46 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

_____
_____

46(c). If yes to 46(b), please explain:

_____
_____

47.     Have you seen or followed anything in the news regarding the cases of Jeffrey Epstein, Ghislaine Maxwell, or Sean "Puff Daddy" Combs?

        Yes_____ No_____

47(a).  If yes to 47, please explain:

_____
_____

11

47(b).  If your answer to 47 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

_____

_____

48.     Have you seen or followed anything in the news about political parties and politicians remarking about the "grooming" of minors?

Yes_____    No_____

48(a).  If yes to 48, please explain:

_____

_____

48(b).  If your answer to 48 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

_____

_____

49.     Do you have strong feelings about the propriety of romantic relationships in which there is a large age gap?

Yes_____    No_____

49(a).  If yes to 49, please explain:

_____

_____

49(b).  If your answer to 49 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

_____

_____

### PART V: PERSONAL BIASES, SYMPATHIES, OR PREJUDICES
**(Questions 50 through 54)**

50.     Do you have any bias, sympathy, or prejudice with reference to the United States government that would make it difficult for you to render a fair and impartial judgement based solely on the evidence at trial?

Yes_____    No_____

51.     Is there any reason that you might fail to fairly and impartially evaluate all the evidence in this case without fear or favor toward either the government or the defendant?

Yes_____    No_____

52.     Have you or a family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, with any agencies or employees of the United States, or with a state or local law enforcement agency, or otherwise had any interest in any such legal action, case or dispute or its outcome?

        Yes_____    No_____

53.     Have you or a family member or a close friend ever been falsely accused of a crime?

        Yes_____    No_____

53(a).  If your answer to question 53 was yes, do you believe that this could make it difficult for you to be a fair and impartial juror in this case?

        _____

        _____

54.     Do you have any opinions or beliefs concerning law enforcement in general—including the Federal Bureau of Investigation and the U.S. Department of Justice—that would make it difficult for you to evaluate the evidence fairly and impartially in accordance with the Court's instructions?

        Yes_____    No_____

**CLOSING**
**(Questions 55 through 56)**

55.     Is there any other matter that you should call to the Court's attention that may have any bearing on your qualifications as a juror or that may affect your ability to render an impartial verdict based solely on the evidence and the court's instructions on the law?

        Yes_____    No_____

56.     Do you know of any reason why you could not fairly and impartially decide, in accordance with your oath and based solely on the evidence, whether the government has proven the defendant's guilt beyond a reasonable doubt?

        Yes_____    No_____

57.     Under the law, emotions such as sympathy, bias and prejudice must not enter into the deliberations of the jurors as to whether the guilt of the defendant has been proven beyond a reasonable doubt. Would you have any difficulty following this rule?

        Yes_____    No_____

## **APPENDIX A**

A.    Names

    1.     Dewitt John, the defendant
    2.     Jullian Harris-Calvin, standby counsel for the defendant
    3.     Kyla Wells, standby counsel for the defendant
    4.     Justin Knight, defense legal fellow
    5.     Jessica Hernandez, defense investigator
    6.     Emily Olick Llano, defense paralegal
    7.     Brooke Theodora, Assistant U.S. Attorney
    8.     Sarah Elardo, Assistant U.S. Attorney
    9.     Elizabeth Reed, paralegal to Assistant U.S. Attorneys
   10.    Audra Hampsch, Special Agent, Federal Bureau of Investigation ("FBI")

B.    Places

    1.     86A Hull Street, Brooklyn, NY 11233